AO 106 (Rev. 04/10) Application for a Search Warrant (USAO CDCA Rev. 07/2013)

# UNITED STATES DISTRICT COURT
### for the
Central District of California

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Priority Mail Express parcel EL929114587US

)
)
)
)
)
)

Case No.  2:21-MJ-02627

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Central_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1); 21 U.S.C. 843(b); 21 USC 846 | Distribution of Controlled Substance; Unlawful Use of Mail to Facilitate Distribution of a Controlled Substance; Conspiracy |

The application is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Michael Reilly Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____

_____
*Judge's signature*

City and state:  Los Angeles, California

Hon. Charles F. Eick U.S. Magistrate Judge
*Printed name and title*

AUSA: Lindsay M. Bailey, x6875

## **ATTACHMENT A**

PARCEL TO BE SEARCHED

      The SUBJECT PARCEL is a Priority Mail, medium flat rate box, measuring  12" x 3.5" x 14.125", with its seams sealed with "Priority Mail Express" tape, bearing Priority Mail Express label number EL929114587US, weighing approximately 2 pounds, 9 ounces, postmarked on May 24, 2021 in Melbourne, Florida.  The SUBJECT PARCEL bears a handwritten address label with the following recipient information: "Jose Perez, 4220 S Harvard Blvd, los Angeles, CA 90062," and with a sender/return address listed as: "Jayson Ross, 2101 W New Haven Ave, Melbourne Fl 32904 Suite 138."  The SUBJECT PARCEL bears U.S. Postage of $60.50.

    The SUBJECT PARCEL is currently in the custody of the United States Postal Inspection Service in Los Angeles, California.

**ATTACHMENT B**

ITEMS TO BE SEIZED

The following items are to be seized from the parcel described in Attachment A, which constitute evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (distribution and possession with intent to distribute a controlled substance), 846 (conspiracy to distribute and possess with intent to distribute a controlled substance) and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance):

      a.   Any controlled substances;

      b.   Currency, money orders, bank checks, or similar monetary instruments in quantities over $1000; and

      c.   Packaging material.

i

### <u>AFFIDAVIT</u>

I, Michael Reilly, being duly sworn, declare and state as follows:

### I.  <u>INTRODUCTION</u>

1.   I am a Postal Inspector ("Inspector") with the U.S. Postal Inspection Service ("USPIS") and have been so employed since February of 2017.  I am presently assigned to the Contraband Interdiction and Investigation Team in Los Angeles, California.  My responsibilities include the investigation of the unlawful use of U.S. mail for criminal activity, including the transportation of contraband materials through the U.S. mail.  As part of my training and experience, I received twelve weeks of Basic Inspector Training in investigative techniques at the Career Development Division located in Potomac, Maryland, and one week of Prohibitive Mailing Narcotics Training instructed by the USPIS.  Furthermore, in the course of assisting in past investigations, I have spoken with other Postal Inspectors who have substantial experience related to investigating schemes that utilize the U.S. mail and the evidence that can be obtained as a result.

2.   As a federal law enforcement officer, I am authorized to investigate violations of laws of the United States and authorized to execute search and arrest warrants under the authority of the United States.

### II. <u>PURPOSE OF AFFIDAVIT</u>

3.   This affidavit is made in support of an application for a search warrant for a parcel (the "SUBJECT PARCEL") shipped

through the United States Postal Service ("USPS").  The SUBJECT
PARCEL is currently in the custody of the USPIS, as described
more fully in Attachment A, which is incorporated by reference.
The requested search warrant seeks authorization to seize
evidence, fruits, and instrumentalities of violations of 21
U.S.C. §§ 841(a)(1) (distribution and possession with intent to
distribute a controlled substance), 846 (conspiracy to
distribute and possess with intent to distribute a controlled
substance) and 843(b) (unlawful use of a communication facility,
including the mails, to facilitate the distribution of a
controlled substance), as described more fully in Attachment B,
which is also incorporated by reference.

     4.   The facts set forth in this affidavit are based upon
my personal observations, my training and experience, and
information obtained from various law enforcement personnel and
witnesses.  This affidavit is intended to show merely that there
is sufficient probable cause for the requested warrant and does
not purport to set forth all of my knowledge of or investigation
into this matter.  Unless specifically indicated otherwise, all
conversations and statements described in this affidavit are
related in substance and in part only.

### III.  <u>SUMMARY OF PROBABLE CAUSE</u>

     5.   On May 25, 2021, I recovered Priority Mail Express
parcel EL929114587US (the "SUBJECT PARCEL") from the Crenshaw
Post Office, located at 3894 Crenshaw Blvd, Los Angeles, CA
90008.  This parcel was destined for 4220 S Harvard Blvd, Los
Angeles, CA 90062 (the "Harvard Boulevard Address").  A review

of relevant postal records, as well as the IP addresses used to check tracking numbers for other parcels containing suspected narcotics and narcotics proceeds, indicated that suspected narcotics trafficking proceeds are being shipped, via USPS, to the Harvard Boulevard Address from various locations throughout the U.S.

### IV. STATEMENT OF PROBABLE CAUSE

### A.   Background on Use of Mail for Drug Trafficking

6.   Based on my training and experience as a Postal Inspector, and the experiences related to me by fellow Postal Inspectors who specialize in drug investigations, I know the following:

a.   Los Angeles is a major source area for drugs. Drugs are frequently transported from Los Angeles through the United States mail, and the proceeds from drug sales are frequently returned to Los Angeles through the mail. These proceeds are generally in the form of cash, money orders, bank checks, or similar monetary instruments in an amount over $1,000.00.

b.   Drug distributors often use USPS Priority Mail Express, which is the USPS overnight/next day delivery mail product, or Priority Mail Service, which is the USPS two-to-three day delivery mail product. Drug distributors use the Priority Mail Express delivery service because of its speed, reliability, and the ability to track the parcel's progress to delivery. Drug distributors use the Priority Mail delivery service because it provides them more time for travel between

states if they decide to follow their shipments to their
destination for distribution.  Also, by adding delivery
confirmation to a Priority Mail parcel, drug traffickers have
the ability to track the parcel's progress to the intended
delivery point as if the parcel had been mailed using the
Priority Mail Express Service.

      c.    The following indicia suggest that a parcel may
contain drugs or drug distribution proceeds:

          i.    The parcel is contained in a box, flat
cardboard mailer, or Tyvek envelope;

          ii.    The parcel bears a handwritten label,
whether USPS Express Mail or Priority Mail;

          iii. The handwritten label on the parcel does not
contain a business account number;

          iv.    The postage is paid using cash which, in my
training and experience, and my discussions with other law
enforcement, is a common method of payment for drug traffickers
in order to elude law enforcement by avoiding payment by check
or credit card;

          v.    The seams of the parcel are all taped or
glued shut;

          vi.    The parcel emits an odor of a cleaning agent
or adhesive or spray foam that can be detected by a human; and

          vii. Multiple parcels are mailed by the same
individual, on the same day, from different locations.

B.    Initial Investigation of the SUBJECT PARCEL

7.    Based on reports provided by USPIS analysts, a review
of relevant shipping label and tracking information, and a
review of postal databases, I know the following:

a.    On December 4, 2020, USPS Priority Mail Express
parcel EJ550098068US – shipped from Los Angeles to 15713 SW 37th
Cir, Ocala, Florida 34473 – ("Parcel 1") was removed from the
mailstream and seized administratively in accordance with USPIS'
Administrative Non-mailability Protocol Program.  This program
is an administrative mechanism to remove non-mailable matter
from the mailstream.  Both the sender and addressee were
informed, by letter, of the seizure and given time to respond to
the seizure.  Since there was no response, the parcel was deemed
abandoned property and opened for inspection on December 30,
2020.  Using TruNarc, a handheld narcotics analyzer, the
contents of Parcel one field tested positive for fentanyl and
weighed approximately 508 grams.

b.    Postal records revealed that Parcel 1 was tracked
by IP address 2603:9001:6e1a:6c8b:d4d1:ecc2:8d99:8b49.  This IP
address also tracked Priority Mail parcel 9505513009240337589512
("Parcel 2"), which was similarly shipped from Los Angeles to
15713 SW 37th Cir on December 2, 2020.

c.    Postal records revealed that a second IP address,
2600:1700:b858:510:e56f:a694:177b:ecb3, was also used to track
Parcel 2.  The second IP address then tracked Priority Mail
Express parcel EE475641692US ("Parcel 3"), which was shipped
from Ocala, Florida to 4220 S. Harvard Blvd, Los Angeles,

California 90062 (the "Harvard Boulevard Address") on December 16, 2020.  A historical record of parcels shipped to the Harvard Boulevard Address show that since November 2020, approximately fourteen parcels were shipped to the Harvard Boulevard Address, eight of which were shipped from Ocala.  Based on my training, experience, and knowledge of this investigation, I believe that the fourteen packages likely contained narcotics proceeds.

        d.    On May 25, 2021, I received an alert that the SUBJECT PARCEL was shipped from Melbourne, Florida to the Harvard Boulevard Address.  I therefore responded to the Crenshaw Post Office and seized the SUBJECT PARCEL.  Upon inspection, I noticed several anomalies that, based on my training and experience, indicated that the SUBJECT PARCEL contained controlled substances and/or the proceeds of narcotics trafficking, including:

        i.    The SUBJECT PARCEL is a USPS Priority Mail Express box being shipped using the USPS Priority Mail Express service.

        ii.    The sender and recipient information were written by hand.

        iii. The postage was paid using cash.

        iv.    The SUBJECT PARCEL's seams were heavily taped.  This method is used by drug traffickers to mask the odors of narcotics from both law enforcement and drug-detection canines.

        e.    Based on the factors listed above, I decided to hold the SUBJECT PARCEL for additional investigation because it

showed characteristics common to parcels containing controlled substances and/or proceeds of narcotics trafficking.

      f.   On May 25, 2021, I checked CLEAR[1] for the listed sender of the SUBJECT PARCEL: "Jayson Ross, 2101 W New Haven Ave, Melbourne Fl 32904 Suite 138."[2]  I was unable to associate the name, "Jayson Ross" with the sender address.  Rather, upon searching for the sender address, I determined that 2101 W New Haven Ave, Melbourne Fl 32904 is a valid address for a Courtyard by Marriott hotel.

      g.   I then checked CLEAR for the listed shipping address of the SUBJECT PARCEL: "Jose Perez, 4220 S Harvard Blvd, los Angeles, CA 90062."  A search of USPS address databases reported the shipping address is valid.  Moreover, although "Jose Perez" does not associate with the shipping address, his wife, Katian Cumplido, does associate with the address.

**C.   A Drug-Detection Dog Alerted to the SUBJECT PARCEL**

8.   Based on an affidavit provided by Los Angeles Police Department Officer Dolores Suviate, as well as firsthand observations, I know the following:

      a.   On May 25, 2021, based on the suspicious characteristics of the SUBJECT PARCEL, Los Angeles Police Department Officer Dolores Suviate presented the SUBJECT PARCEL to drug-detection dog, "Smithy," for examination.

---

[1] CLEAR is an online public information database used by law enforcement that provides names, addresses, telephone numbers, and other identifying information.

[2] Spelling and capitalization are reproduced herein as on the SUBJECT PARCEL.

     b.   Attached as Exhibit 1 and incorporated by reference is a true and correct copy of an affidavit by Officer Suviate.  In this affidavit, Officer Suviate describes how Smithy will positively alert his handler to the scent of narcotics, including heroin, cocaine, marijuana, and methamphetamine by both physical and behavioral reactions which include a heighted emotional state in which he focuses on the source of the odor. Smithy becomes very possessive of the area in which he detects the narcotic odors for which he is trained.

     c.   I was present when Officer Suviate and Smithy examined the SUBJECT PARCEL.  When presented with the SUBJECT PARCEL, Smithy positively alerted Officer Suviate to the SUBJECT PARCEL, indicating the presence of drugs or other items such as the proceeds from the sale of drugs, which have been recently contaminated by or associated with the odor of drugs.

///

///

///

///

///

///

///

///

///

///

///

///

## V.  <u>CONCLUSION</u>

9.     For all the reasons above, there is probable cause to believe that the SUBJECT PARCEL, as described in Attachment A, contains evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (distribution and possession with intent to distribute a controlled substance), 846 (conspiracy to distribute and possess with intent to distribute a controlled substance) and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance), as described in Attachment B.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this _____ day of
May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1

1    Your Affiant, Officer Dolores Suviate, Serial #35376, has been employed by the Los Angeles

2    Police Department since June of 1999.  Your Affiant has received formal training in the area of

3    narcotics and dangerous drugs at the Los Angeles Police Academy.  This training concentrated

4    on identifying methods of narcotics manufacturing, packaging, sales and use as well as the

5    appearance and effects of narcotics and dangerous drugs. Your Affiant has attended numerous

6    classes, seminars, training lectures and on the job training in the field of narcotics given by

7    other narcotic experts.  In July of 2000, your Affiant was assigned to the Juvenile Narcotics

8    School Buy Program.  During this time, your Affiant purchased marijuana and ecstasy in an

9    undercover capacity.  In 2001 your Affiant was assigned to the Juvenile Complaint Detail.  In an

10   undercover capacity, your Affiant purchased marijuana from the residences of several narcotic

11   dealers.  In 2002, your Affiant worked patrol at Central Division.  At this division, your Affiant

12   made numerous arrest for narcotic possession and sales. Your Affiant has been assigned to

13   Gang and Narcotics Division since October of 2003 and is currently assigned to the K-9 unit.

14    While assigned to the division, your Affiant worked the City Wide Buy Team as an undercover

15   buy officer. For two years your Affiant, in an undercover capacity, purchased narcotics including

16   cocaine, heroin, methamphetamine and marijuana from narcotic street dealers.  In November

17   of 2003, your Affiant attended Narcotics School.  This was a five day school consisting of various

18   topics including the identification and packaging of illegal substances.   Your affiant is an LAPD

19   narcotic expert and has testified in both Municipal and Superior Courts in and for the County of

20   Los Angeles, as an expert in the field of identification, packaging and sales of narcotics.

21        In May of 2015, your Affiant was assigned to the K-9 unit.  On June 1, 2015 your Affiant

22   assumed the responsibility of training and handling a narcotics detection dog named "Smithy"

23   K9-250.  "Smithy" was first certified on January 14, 2013 and placed into service on January 15,

24    2013. "Smithy" alerts upon detecting the odor of the drugs marijuana, cocaine, heroin, and

25    methamphetamine.  His alerts consist of both physical and behavioral reactions which

26 include a heightened emotional state in which he focuses on the source of the odor. "Smithy"

27 becomes very possessive of the area in which he detects the narcotic odors for which he is

28 trained. "Smithy" will positively alert his handler to the scent of heroin, cocaine, marijuana and

29 methamphetamine. The Los Angeles Police Department and the National Police Canine

30 Association have certified "Smithy" and your Affiant as a team for use on July 8, 2015,

31 January 4, 2016, January 9, 2017, January 9, 2018, January 8, 2019, May 27, 2020 and

32 November 19, 2020.  They were also certified with the California Narcotic Canine Association

33 On November 18, 2018 and September 23, 2019.  "Smithy" has received over (1031) hours of

34 training, during which time he has successfully found over (3727) training aids, which consists

35 of actual narcotics. Smithy has been successfully used in over (819) cases in which controlled

36 substances have been found. Smithy is responsible for the seizure of over (177 LBS.) of cocaine,

37 (26 LBS.) of heroin, (792 LBS.) of marijuana and (268 LBS.) of methamphetamine.

38

39         On May 25, 2021, your Affiant responded to a request for a narcotic detection K9 at 1055 N.

40 Vignes Street, Los Angeles, CA 90012.  At approximately 12:36 PM, "Smithy" alerted to the

41  presence of scent of narcotics on or in:

42

43 Inbound U.S. parcel EL 929114587 US

44

45 I declare under penalty of perjury that the above information is true and correct.  Executed at

46 12:57 PM on the 25th of May in Los Angeles County.

47

48

49

50

51                                                                 Officer Dolores Suviate #35376

52